THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Patrice C., Appellant.
 In the interests of two minor children.
 
 
 

Appeal From Oconee County
 Timothy M. Cain, Family Court Judge
Unpublished Opinion No. 2009-UP-174
Submitted April 1, 2009  Filed April 27,
 2009    
AFFIRMED

 
 
 
 Emma W. Morris, of Seneca, for Appellant.
 Kimberly R. Welchel, of Walhalla, for Respondent.  
 Karen
 P. Ballenger, of Walhalla, for Guardian Ad Litem.  
 
 
 

PER CURIAM: 
 Patrice C. (Mother) appeals the family
 courts final order terminating her parental rights (TPR) to her two minor
 children (Children).  We affirm.[1] 
On
 appeal, Mother contends the family court
 erred in finding she failed to remedy conditions and that TPR was in Children's
 best interests.  We disagree.  
The
 grounds for TPR must be proven by clear and convincing evidence.  S.C. Dep't
 of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon review, the appellate court may make its own finding from the
 record as to whether clear and convincing evidence supports the termination [of
 parental rights]."  S.C. Dep't of Soc. Servs. v. Headden, 354 S.C.
 602, 609, 582 S.E.2d 419, 423 (2003).  However, despite our broad scope of
 review, we are not required to disregard the findings of "the family
 court, who saw and heard the witnesses, [and] was in a better position to
 evaluate their credibility and assign comparative weight to their
 testimony."  Id. at 609, 582 S.E.2d at 423.  The family court may order TPR upon finding one or
 more of eleven statutory grounds is satisfied and also finding TPR is in the
 best interest of the child.  S.C. Code Ann. § 63-7-2570 (2008).  
Initially,
 we note Mother only appeals from the finding that she failed to remedy
 conditions.  She does not challenge the findings that she willfully failed to
 support Children or Children were in foster care for fifteen of the most recent
 twenty-two months.  Accordingly, these two findings are the law of the case,
 and the dispositive issue is whether TPR was in Children's best interests.  See Sloan v. Dep't of Transp., 365 S.C. 299, 307, 618 S.E.2d 876, 880 (2005)
 ("The failure to appeal an alternative ground of the judgment below will
 result in affirmance.").  
In a
 TPR case, the best interests of the child are the paramount consideration.  S.C.
 Dept of Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct.
 App. 2000).  "The interests of the child shall prevail
 if the child's interest and the parental rights conflict."  S.C. Code
 Ann. § 63-7-2620 (2008).  
We find clear and convincing evidence in the record
 supports the family court's finding that termination of Mothers parental
 rights was in Children's best interests.  The trial court found that Mother was
 not in a position to provide housing or financial support for Children because
 she was in a treatment program for her drug addiction and both children had
 special needs.  Although Mother was addressing her drug abuse problems by
 attending Serenity Place, she had not yet remedied her drug addiction. 
 McMichael, the manager of Serenity Place, acknowledged it would take longer for
 Mother to complete the treatment program, and she could not pinpoint when Mother
 would be ready to take care of Children again. 
Additionally,
 the record provided by Mother on appeal is too sparse to support a reversal of
 the family court's findings on Children's best interests.  We do not know:  (1)
 the extent of the bond between Mother and Children, (2) the frequency of
 Mother's visitation with Children, (3) how Children were responding to foster
 care, and (4) whether the Guardian ad Litem recommended TPR.  Mother has the
 burden to provide a sufficient record for review on appeal.  See S.C.
 Dep't of Soc. Servs. v. Sims, 359 S.C. 601, 606 n.3, 598 S.E.2d 303, 306
 n.3 (Ct. App. 2004).  Accordingly, the family court correctly determined TPR
 was in Children's best interests.  
AFFIRMED.
HEARN, C.J., KONDUROS, J., and CURETON, A.J., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.